UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
C.J. SCOTT,

                    Plaintiff,

-against-

B.D. TRAVIS, Chairman, Board of Parole;
T. DISLA, Parole Officer, Sh. #1578;
L. KANTROWITZ, Sr. P.O.;
LUIS MERINGOLO, Admin. Law Judge;
and N. JOSEPH, Parole Officer, Sh. #1550,

                    Defendants.
----------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 21 2000 ★
P.M. ____
TIME A.M. ____

MEMORANDUM and ORDER

03-CV-1938 (SLT)

**TOWNES, United States District Judge:**

    Plaintiff, C.J. Scott, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his civil rights by searching his home without his consent, then revoked his parole to retaliate against plaintiff for filing complaints about the allegedly unlawful searches. On February 17, 2006, after converting defendants' motion to dismiss the complaint into a motion for summary judgment pursuant to Fed. R. Civ. P. 56, Magistrate Judge Lois Bloom issued a Report and Recommendation (the "Report") in which she recommended granting summary judgment in favor of defendants. The Report expressly advised plaintiff of his right to file written objections within 10 days, and advised plaintiff that "[f]ailure to file a timely objection to this Report generally waives any further judicial review." *Scott v. Travis*, No. 03-CV-1938, slip op. at 17 (E.D.N.Y. Feb. 17, 2006).

    Under 28 U.S.C. § 636(b)(1), if any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy of thereof, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is made." *Id.* Upon de novo review, the district court "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, a court is not required to review the factual or legal conclusions of the magistrate judge to which neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

This Court has not received any objections to the Report, and therefore need not review the Report's findings and conclusions. *See id.* In so ruling, this Court is aware of the possibility that, notwithstanding the extraordinary efforts of Magistrate Judge Bloom,[1] petitioner may not have received a copy of the Report. If plaintiff has not received a copy of the Report, however, he has only himself to blame. First, a plaintiff, even if proceeding *pro se*, has a duty to keep the court apprised of his or her current address. *See, e.g., Pierce v. Ross*, No. 94 Civ. 218, 1995 WL

---

[1] Magistrate Judge Bloom first mailed a copy of her Report to plaintiff on February 17, 2006, the date on which it was signed and filed. However, on February 27, 2006, this Court received a letter from plaintiff, dated December 19, 2005, stating that plaintiff had changed his address and was living at 398 E. 94th Street in Brooklyn. Since plaintiff's letter suggested that plaintiff may have already moved before the Report was mailed, Magistrate Judge Bloom mailed another copy of the Report to plaintiff's new address on March 30, 2006.

On April 4, 2006, this Court received a letter from plaintiff, dated April 3, 2006, bearing the same East 94th Street return address. In this letter, plaintiff stated that he had received a copy of the docket sheet and noticed that it indicated a Report and Recommendation had been issued. Plaintiff alleged that he had not received a copy of this Report or any other correspondence from this Court or from his adversaries, and asserted that he had "been deprived of the opportunity to make any reply to the (already written) Court's Report . . . ." *See* Letter from C.J. Scott to Judge Townes, dated April 3, 2006 (docketed as #46), at 2.

In response to this letter, Magistrate Judge Bloom issued an Order dated April 19, 2006, directing the Clerk of Court to mail yet another copy of the Report to plaintiff by overnight mail. According to a FedEx airbill docketed together with the April 19 Order, that mailing was sent out on April 20, 2006, properly addressed to plaintiff at the East 94th Street address. This Court will take judicial notice, however, that the Report was never successfully delivered. According to the FedEx website, the mailing was returned to the Courthouse on April 24, 2006. *See* www.fedex.com/tracking.

129176, at *2 (E.D.N.Y. Mar. 17, 1995) ("it is plaintiff's responsibility to notify the court of any change in address"); *Handlin v. Garvey*, 91 Civ. 6777 (AGS), 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (duty to inform court of current address is "an obligation that rests with all *pro se* plaintiffs"). If a report and recommendation, properly mailed to the address which a plaintiff has provided, is returned to the court, the court is not obliged to conduct its own investigation into the plaintiff's whereabouts or to review the report unless written objections are timely received. *See King v. Fuller Co.*, No. 94 CV 4192, 1995 WL 362511 (E.D.N.Y. June 8, 1995). Thus, this Court is not required to review the Report in this case, which was sent to plaintiff's last reported address not just once, but twice, and by both regular mail and overnight delivery.

Second, even assuming that plaintiff never received a copy of the Report, he was aware that such Report had been filed and that he was entitled to make objections to it. In his letter dated April 3, 2006, plaintiff states that he received a copy of the docket sheet in this case and noticed that a report and recommendation had been filed. Plaintiff further asserts that he was "deprived of the opportunity to make any reply to the . . . Report . . . ." Letter from C.J. Scott to Judge Townes, dated April 3, 2006, at 1-2. Yet, there is nothing to indicate that plaintiff ever visited the Courthouse or made any other efforts to obtain a copy of the Report, and he has not requested an extension of time to file objections. Indeed, the docket sheet indicates that plaintiff has not written to this Court at any point during the last three months.

3

## CONCLUSION

Accordingly, this Court adopts Magistrate Judge Bloom's thorough and well-reasoned Report in its entirety. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
July 14, 2006

4